264 So.2d 451 (1972)
Joel M. COLEMAN, Appellant,
v.
AMERICAN UNIVERSAL OF FLORIDA, INC., a Florida Corporation and Market Insurance Company, an Illinois Corporation, Appellees.
No. P-441.
District Court of Appeal of Florida, First District.
July 6, 1972.
F. Bradley Kennelly, of Kennelly & Zisser, Jacksonville, for appellant.
John I. Todd, Jr., Jacksonville, for appellees.
CARROLL, DONALD K., Judge.
The plaintiff in an action originally brought for negligence and for breach of implied warranty has appealed from an adverse final judgment, based upon a jury verdict.
*452 The sole question presented for our determination in this appeal is whether the trial court correctly instructed the jury that the plaintiff's contributory negligence constitutes a bar to his recovery in an action for breach of implied warranty.
At the conclusion of the evidence at the trial, the court ruled that the complaint did not state a cause of action against the defendants upon the theory of negligence, but that the complaint only stated a cause of action on the theory of breach of implied warranty. In its instructions to the jury, the trial court instructed as to the defenses in an action for implied warranty, giving instructions as to the separate defenses of contributory negligence and assumption of risk. It is the instruction as to contributory negligence as a defense in an action for breach of implied warranty that the plaintiff has assigned as error in this appeal.
The jury instruction as contributory negligence to which the plaintiff objected at the trial and objects now in this appeal reads in pertinent part:
"Now, in addition to denying that there was a warranty and that the equipment was defective, the Defendant makes two affirmative defenses. One of these defenses  in one of these defenses, it says that Joel M. Coleman was negligent in the way he used the scaffold and therefore his negligence contributed to his injury... .
......
"Negligence is the failure to use reasonable care; and reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
......
"Now, if, even though the equipment was defective and contributing to causing the injury, yet, if Mr. Coleman was negligent and his negligence was the legal contributing cause, then he can't recover damages."
The evidence at the trial established the following facts:
On the date in question the plaintiff was an employee of a glass company, which was fulfilling a contract to install window glass at a job site in Jacksonville, Duval County. The plaintiff was one of the installers of the glass. Because of the height at which the glass was to be installed, it was necessary for the glass company to lease a scaffolding from the defendant American Universal of Florida, Inc., which was the owner and lessor of the scaffolding used on the job.
In the course of performing his job, similar to that which he had been doing for many years, the plaintiff locked all the wheels on the scaffolding and reinforced the brakes on the rear wheels with wedges. Nevertheless, the brakes on the scaffolding suddenly moved and the plaintiff was thrown off, falling from a height of about 10 to 12 feet, injuring the plaintiff, who sustained severe and permanent injuries as well as loss of wages.
An examination of the authorities cited by the parties to this appeal shows that the cases are pretty evenly divided on the question before us  whether contributory negligence is a bar to an action for breach of implied warranty. Even the text writers are evenly divided. For instance, the appellant cites 2 Frumer and Friedman, "Products Liability, § 16.01 [3], pp. 3-20 to 3-22, for the proposition that it is the "better view that contributory negligence as such, as distinguished from misuse of the product, is not a defense." We have found, and the parties to this appeal have cited, no Florida cases in point.
On the other hand, the appellees quote at length from the work of Frumer and Friedman in order to elaborate on the views *453 of those authors on this intricate subject, as follows:
"Contributory Negligence as Defense. While it is clear that plaintiff need not prove negligence in a warranty-products liability case, it is not as clear whether contributory negligence as such is a defense to such an action. While there is authority to the contrary, it is arguably the better view that contributory negligence as such, as distinguished from misuse of the product, is not a defense. Depending upon the facts, the distinction between contributory negligence and misuse of the product may be nothing more than a matter of semantics. In other words, some courts have talked of contributory negligence as a defense in warranty when they could have said instead that there was misuse or voluntary and unnecessary exposure to risk with knowledge of the danger, which generally is a defense to strict liability.
* * * * * *
"Most of the cases probably can be reconciled on this basis, that the courts which say that contributory negligence is a defense have in mind the situation where there is actual knowledge of the risk. Of course, it must be kept in mind that the courts sometimes speak of contributory negligence when, on the facts, they are actually saying that the plaintiff's injuries were caused solely by his own negligence. The court may also use contributory negligence language in a situation where actually there was no breach of warranty.
"The distinction made in the proceeding paragraph with respect to types of contributory negligence does not, however, square with cases under the Uniform Sales Act which deny recovery for failure to inspect or to adequately inspect, where such inspection would have revealed the defect. Under the Uniform Commercial Code, `if the buyer discovers the defect and uses the goods anyway, or if he unreasonably fails to examine the goods before he uses them, resulting injuries may be found to result from his own action rather than proximately from a breach of warranty.'
"What rules should apply in a warranty action, especially where the injured person is a non-commercial consumer? Unreasonable exposure to a known and appreciated risk should bar recovery, just as presently held and just as it bars recovery in negligence. In the case of an express warranty, contributory negligence should clearly not be a defense, where the injury results from an unknown defect warranted against, and the contributory negligence is just that and not the equivalent of unreasonable exposure to a known and appreciated risk. Turning to implied warranty, it is unreasonable to require the noncommercial consumer to make any sort of detailed or expert inspection. However, with this in mind but accepting the view that products liability in warranty is basically liability in tort, contributory negligence should be a defense to breach of implied warranty just as in the negligence cases. Otherwise, we impose the same strict liability for products as presently exists, for example, with respect to wild animals and other ultra-hazardous activities. It is one thing to say that there is strict liability in the sense that proof of negligence should not be required; it is quite another to say that contributory negligence (with duty of inspection limited as suggested above) should not be a defense. This, in substance, is what the cases actually may be saying.
"Contributory negligence as a defense to strict liability in tort is discussed in § 16A [5] [f] infra. As there discussed, the Restatement of Torts Second § 402A, in adopting the rule of strict liability in tort, makes a distinction similar to that made above. Contributory negligence in the sense of a failure to discover a defect, or to guard against the possibility of its existence, is not a defense. Contributory negligence in the sense of an unreasonable *454 use of a product after discovery of the defect and the danger is a defense." (2 Frumer and Friedman, Products Liability. Sec. 16.01[3], pages 3-20 to 3-31). (Emphases not supplied.)
In a scholarly annotation on this subject in 4 A.L.R.3rd, beginning on page 501, the decisions are collated on both sides of this question. The annotation cites cases from eight states (Colo., Kan., La., Mass., Minn., N.Y., Ohio, and Utah) as supporting the proposition that contributory negligence is available as a defense to an action for the alleged breach of an implied warranty, and cites cases from seven states (Cal., Hawaii, Iowa, Kan., Mass., Ohio, and Pa.) as holding that contributory negligence is not available as a defense to an action for the alleged breach of an implied warranty.
In this legal situation, with the authorities fairly evenly divided, we are inclined to the view that contributory negligence is available as a defense in an action for breach of an implied warranty, even though it may superficially look as though we are thereby approving a tortious defense in an action ex contractu.
Our philosophy in this matter was well expressed by Schreiber and Rheingold in their "Products Liability" (Chap. 5, page 32) in their concluding remarks, as follows:
"As is readily apprehended, contributory negligence in the defense of a product liability action is a can of worms. But, if it is recogized that there is not such thing as `contributory negligence' and that the defense contemplated is that of abnormal, unintended, or unforeseen use, or is that of assumed risk, or that of lack of due care, then there may perhaps be order brought out of the chaos. However, it is strongly suggested that even these defenses are, in the absence of uncontrovertible facts, no panacea for defendants. There are much better ways to beat a product liability claim than relying on contributory negligence, an illusory defense."
In the light of the said conclusion and the foregoing authorities, we examine anew the jury instructions which are the subject of this appeal and find that in essence they pertain to misuse of the product (the scaffolding) or to the plaintiff's conduct as the sole proximate cause of his injuries.
For the foregoing reasons the judgment appealed from herein should be and it is
Affirmed.
SPECTOR, C.J., and RAWLS, J., concur.