FLORIDA POWER & LIGHT COM-
PANY, Plaintiff-Appellant,

v.

R. O. PRODUCTS, INC.,
Defendant-Appellee.

No. 73-2222.

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1974.

Rehearing Denied April 3, 1974.

William B. Killian, Barry R. Davidson, Miami, Fla., for plaintiff-appellant.

Cecyl L. Pickle, Jeanne Heyward, Miami, Fla., for defendant-appellee.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

This diversity case concerns the applicability of the Florida tort doctrine of contributory negligence as a defense in a breach of implied warranty action. Appellant Florida Power and Light Co. sued appellee R. O. Products in the Southern District of Florida, claiming breach of implied warranties of fitness and merchantability in hydraulic outrigger units sold by R. O. Products to Florida Power. Florida Power operates trucks equipped with hydraulic outrigger devices for use in power line construction and maintenance. A Florida Power employee was driving one of its trucks when the left front outrigger extended unexpectantly and struck a vehicle operated by Roberts. The Roberts' car was damaged; the occupants suffered injuries and sued Florida Power. The damages Florida Power asserts against R. O. Products result from Flor-

ida Power's settlement of its claims with the Roberts. The jury found a breach of warranty by R. O. Products, but held that Florida Power was contributorily negligent and that such negligence proximately caused the damage. Appellant's contention is that the trial court erroneously instructed the jury that contributory negligence which was a proximate cause of Florida Power's injury would bar recovery for a breach of implied warranty by R. O. Products.

In order to properly discuss this point, it is necessary that the district court's charge on contributory negligence be reproduced in its entirety:

Now, in addition to denying that there was any breach of warranty, the defendant R. O. Products maintains that it has no liability to the plaintiff because of:

1. The alleged negligence of plaintiff's employee, Henry Franz, in his pre-operation inspection as to whether the outrigger was down and/or the alleged negligence of Franz in the operation of the truck; and

2. The alleged negligence of plaintiff Florida Power & Light through its employees in not checking the outrigger system for air in view of prior knowledge that the hydraulic systems on previously delivered trucks had air in their lines.

The defendant thus alleges that plaintiff may not recover from defendant because plaintiff itself was contributorily negligent under the facts of this case, which contributory negligence was *a proximate cause* of the accident in question.

The Court has determined, and now instructs you as a matter of law, that if the plaintiff was guilty of contributory negligence, it should not be permitted to recover in this case where it is seeking to recover damages allegedly resulting from a breach of warranty.

The burden is upon the defendant to prove plaintiff was contributorily negligent under the facts of this case, and that the contributory negligence was a proximate cause of the accident in question.

It is your province to determine whether the acts or omissions of, [are] attributable to, the plaintiff Florida Power & Light were negligent so as to bar their claim against the defendant R. O. Products.

Such a determination involves two issues:

1. Was the plaintiff, through its employees, negligent in its pre-operation inspection of the outrigger or negligent in the actual operation of the truck?

2. Was such negligence *the proximate cause* of the accident in question?

\* \* \* \* \* \*

Now, if you determine there was negligence on the part of the plaintiff, you next determine whether such negligence was *a proximate cause* of the accident in question.

Damage is proximately caused by an act or failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the damage, and that the damage was either a direct result or a reasonably probable consequence of the act or omission.

This does not mean, however, that the law recognized only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be *a proximate cause*. (Emphasis supplied).

The sole question on appeal is whether this jury instruction was permissible under Florida law.

This Court in diversity cases under the *Erie* doctrine is bound by the recent

Florida decision in Coleman v. American Universal of Florida, Inc., 264 So.2d 451 (Fla.App.1972), which held that contributory negligence is available as a defense in breach of implied warranty actions. The court in *Coleman, supra* at 452, 454, concluded:

> An examination of the authorities cited by the parties to this appeal shows that the cases·are pretty evenly divided on the question before us— whether contributory negligence is a bar to an action for breach of implied warranty. Even the text writers are evenly divided. . . . We have found, and the parties to this appeal have cited, no Florida cases in point.
>
> \* \* \* \* \* \*
>
> In this legal situation, with the authorities fairly evenly divided, we are inclined to the view that contributory negligence is available as a defense in an action for breach of an implied warranty, even though it may superficially look as though we are thereby approving a tortious defense in an action ex contractu.
>
> \* \* \* \* \* \*
>
> In the light of the said conclusion and the foregoing authorities, we examine anew the jury instructions which are the subject of this appeal and find that in essence they pertain to misuse of the product (the scaffolding) or to the plaintiff's conduct as the sole proximate cause of his injuries.

Therefore, the following jury instructions were held proper by the *Coleman* court, *supra* at 452:

> Now, in addition to denying that there was a warranty and that the equipment was defective, the Defendant makes two affirmative defenses. One of these defenses—in one of these defenses, it says that Joel M. Coleman *was negligent in the way he used the scaffold* and therefore his negligence contributed to his injury. . . .
>
> \* \* \* \* \* \*
>
> Negligence is the failure to use reasonable care; and reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
>
> \* \* \* \* \* \*
>
> Now, if even though the equipment was defective and *contributing to causing the injury*, yet, if Mr. Coleman was negligent and his negligence was *the legal contributing cause*, then he can't recover damages. (Emphasis supplied).

The appellant in this case urges that the holding in *Coleman* is not blanket approval of the defense of contributory negligence in breach of implied warranty cases, but is endorsement of the availability of the defense in only limited factual situations. It is asserted that the import of the extensive quotation by the *Coleman* court from 2 Frumer and Friedman, "Products Liability," § 16.-01[3] is that in order for the defense of contributory negligence to be available in breach of warranty cases, (1) the contributory negligence must be the sole proximate cause of the injury, *or*, (2) the contributory negligence must be either misuse of the product, or, failure to guard against a defect or possibility of a defect existing, when the risk has been known or should have been known. Finally, the appellant's contention is that the last paragraph of the decision clearly limits the *Coleman* holding to merely allowing contributory negligence as a defense in a breach of implied warranty action in these limited situations:

> In light of the said conclusion and the foregoing authorities, we examine anew the jury instructions which are the subject of this appeal and find that in essence they pertain to *misuse of the product* (the scaffolding) or to the plaintiff's conduct as *the sole proximate cause* of his injuries. (Emphasis supplied). 264 So.2d at 454.

On the other hand, the appellee refers to the language in the *Coleman* decision which unequivocally states "we are inclined to the view that contributory negligence is available as a defense in an action for breach of an implied warranty . . . ." 264 So.2d at 454. In addition, the appellee points out that *Coleman* not only authorizes the defense based on misuse, but also, approves of the defense when lack of due care constitutes the contributory negligence. This is clearly reflected, asserts the appellee, in the court's following statement that lack of due care is a proper defense:

> Our philosophy in this matter was well expressed by Schreiber and Rheinbold in their "Products Liability" (Chap. 5, page 32) in their concluding remarks, as follows:

> "As is readily apprehended, contributory negligence in the defense of a product liability action is a can of worms. But, if this is recognized that there is no such thing as 'contributory negligence' and that the defense contemplated is that of abnormal, unintended, or unforeseen use, or is that of assumed risk, or that of *lack of due care*, then there may perhaps be order brought out of the chaos. However, it is strongly suggested that even these defenses are, in the absence of uncontrovertible facts, no panacea for defendants. There are much better ways to beat a product liability claim than relying on contributory negligence, an illusory defense." (Emphasis supplied). 264 So.2d at 454.

Therefore, one portion of the appellee's rebuttal is that lack of due care, and not simply misuse of the product, was contemplated by the *Coleman* court as constituting the kind of contributory negligence which would bar recovery for breach of implied warranty.

The second segment of appellee's argument is that appellant's assertion that the district court erred in instructing the jury on proximate cause is without merit for two reasons. First, appellant failed to object to the jury instruction on proximate cause, and secondly, the court correctly charged the jury in accordance with Florida law that contributory negligence bars recovery when it is a proximate cause of the injury.

Our initial comment is that the *Coleman* opinion is indeed ambiguous regarding the extent to which contributory negligence is available as a defense in breach of warranty cases. However, we find it unnecessary to resolve this confusion in the instant case, because even assuming *arguendo* the limitations urged by the appellant were adopted, the charge given by the district court appears to pass muster under *Coleman.* That is, whatever the holding of *Coleman*—be it blanket approval or limited acceptance of the contributory negligence defense in breach of warranty cases—if the charge there was proper, the jury instruction in the instant case does not constitute prejudicial error.

To illustrate this point, we proceed *arguendo* to interpret the last paragraph as limiting the availability of the defense and to assume that the *Coleman* decision permits use of contributory negligence only when a plaintiff's contributory negligence constitutes misuse of a product *or* when a plaintiff's conduct is the sole proximate cause of the injuries. First, it is noted that the last paragraph contains a disjunctive "or," thus implying that the charge should have been limited to "misuse" or "sole proximate cause," but not both. The charge given by the *Coleman* court does not include the specific terminology "misuse" or "sole proximate cause," but simply refers to the "way he used the scaffold" and "the legal *contributing* cause." If this language "the way he used the scaffold" supports a limitation of contributory negligence to being "misuse" of a product in the *Coleman* jury instructions, then certainly a similar limitation can be found in the charge in the instant case. The charge in this appeal expressly delineated the potential

contributory negligence to be the employee's inspection of the outriggers or operation of the truck on which the outriggers were attached, and not conduct unrelated to the outriggers, the product sold by appellee. Therefore, the jury instruction referred to "misuse" with specificity at least equal to that in *Coleman*, and thus would comply with *Coleman*, even if its precise holding were that the defense of contributory negligence in breach of warranty cases is only available in these limited circumstances.

■ Since the charge met the "misuse" requirement, it would not have to incorporate the "sole proximate cause" language. Furthermore, the *Coleman* instruction did not require the contributory negligence to be the "sole proximate cause," but only "the legal *contributing* cause." This language is quite ambiguous, for it is not clear whether this means "a proximate cause" or "the sole proximate cause." "The" legal contributing cause could arguably imply the "sole" cause. However, the better interpretation seems to be that the *Coleman* instruction regarding causation viewed in its entirety implies that the plaintiff's negligence must only be "*a* proximate cause." The charge is read as requiring only that the negligence contribute to the injury, i. e., be contributory or a proximate cause, and not the sole cause. The charge could have easily stated "sole proximate cause," if that were intended. Thus, the instruction in *Coleman* only, at best, incorporates one of the alternative limitations, a "misuse" standard, accompanied by "*a* proximate cause" charge.

■ Consequently, in the instant case the district court arguably, in effect, incorporated a "misuse" charge, at least to the specificity found in *Coleman*, and "a proximate cause" charge. The Florida law at the time of this litigation was well established that any contributory negligence was an absolute bar to recovery; thus, the contributory negligence had to be only a proximate cause, and not the sole proximate cause to bar recovery.[1] We do find that the appellant properly raised the proximate cause issue on appeal, since the objection at the trial level was to the entire charge regarding contributory negligence which encompassed the proximate cause aspect, but we conclude that the charge regarding proximate cause was in accordance with the Florida law on contributory negligence at that time and did not run afoul of *Coleman*.

One final observation is in order. The summary of cases adopting contributory negligence as a defense in breach of warranty cases in Annot., 4 A.L.R.3d 501 (1965), indicates that a significant number of these decisions have circumscribed application of the defense of contributory negligence in breach of warranty actions. This annotation was also cited in *Coleman*. Nevertheless, the *Coleman* opinion is ambiguous on this point, and clarification of its implications regarding this matter must await another decision of the Florida courts. We do not determine whether *Coleman's* holding incorporates limitations on the application of the defense, but only that this charge given in the instant case complies with *Coleman*, whether or not those standards are adopted.

Affirmed.

1. We are cognizant of Hoffman v. Jones, 280 So.2d 431 (Fla.1973), where the Florida court replaced the absolute-bar theory of contributory negligence with the comparative negligence principle. Both parties in this appeal conceded the *Hoffman* case, decided on July 10, 1973, had no retroactive application to the instant lawsuit.