Leon WEST, Individually and as personal representative of the Estate of Gwendolyn West, Deceased, Plaintiff-Appellee,

v.

CATERPILLAR TRACTOR COMPANY, INC., Defendant-Appellant.

No. 73–3217.

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1974.

James S. Usich, Charles C. Papy, Jr., John Carruthers, II, Coral Gables, Fla., for defendant-appellant.

Philip Freidin, Robert Orseck, Miami, Fla., for plaintiff-appellee.

Before TUTTLE, WISDOM and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal presents important issues of modern tort principles which are particularly appropriate for resolution by the Florida Supreme Court. Broadly the questions include (1) whether Florida has adopted strict liability as defined by the Restatement of Torts, § 402A and/or as defined by the district court in its instructions to the jury, compare McLeod v. W. S. Merrell Co., 174 So.2d 736 (Fla.1965) with Royal v. Black and Decker Manuf. Co., 205 So.2d 307 (Fla. App.—3d. Dist.—1967) and Keller v. Eagle Army-Navy Dept. Stores, Inc., 291 So.2d 58 (Fla.App.—4th Dist.—1974), and (2) whether comparative negligence, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), constitutes a defense to either or both strict liability and breach of implied warranty, and if so, in particular what type of negligence or conduct by plaintiff constitutes such a defense—abnormal, unintended or unforeseen use; lack of due care which is the *sole* proximate cause or just *a* proximate cause; voluntary encounter of a known risk; assumption of risk as defined in Cleveland v. City of Miami, 263 So.2d 573 (Fla.1972). See Coleman v. American Universal of Florida, Inc., 264 So.2d 451 (Fla.App.—1st Dist.—1972), interpreted in Florida Power & Light Co. v. R. O. Products, Inc., 489 F.2d 549 (5th Cir. 1974).

We defer decision on these questions and certify the issues to the Supreme Court of Florida. We will decide the evidentiary and procedural issues which remain after decision of the Florida Court.

Following our practice, we requested that the parties submit a proposed agreed certificate of the issues for decision. Commendably, they have reached full agreement upon them. Since we also agree that these are the substantive issues presented, we submit the parties' statement of facts and issues hereby, disclaiming, however, any intention or desire that the Supreme Court of Florida confine its reply to the precise form or scope of the questions certified. See Allen v. Estate of Carmen, 446 F.2d 1276 (5th Cir. 1971).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO § 25.031 FLORIDA STATUTES 1971, AND RULE 4.61 FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves questions or propositions of the law of the State of Florida which are determinative of the cause, and there appear to

be no clear controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein, pursuant to § 25.031, Florida Statutes 1971, and Rule 4.61, Florida Appellate Rules, as follows:

1. *Style of the Case.*

The style of the case in which this certificate is made is Leon West, individually and as personal representative of the Estate of Gwendolyn West, deceased, Appellee, v. Caterpillar Tractor Company, Inc., Appellant, being Case No. 73–3217, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Southern District of Florida.

2. *Statement of the Case.*

A caterpillar grader operated by an employee of Houdaille Industries struck and ran over, with its left rear tandem wheel, Gwendolyn West on a street under construction in Miami, Florida, on September 1, 1970. Gwendolyn West died of massive internal injuries after six days in the hospital. As a result, the deceased's husband, Leon West, individually and as administrator of the estate of his deceased wife, claimed a right to damages against Houdaille Industries and Caterpillar Tractor Company, Inc., the manufacturer of the machine. He ultimately settled with Houdaille Industries for $35,000 damages and brought a products liability suit against the manufacturer of the grader, Caterpillar Tractor Company, Inc., in the United States District Court, in and for the Southern District of Florida bottomed on diversity of citizenship jurisdiction.

West's Complaint contained two counts: (1) negligent design of the grader by failure to provide an audible warning system for use while backing the grader, by failure to provide adequate rear view mirrors, and by manufacturing the grader with a blind spot created by obstructions when looking to the rear while driving in reverse, and (2) a breach of implied warranty or strict liability based upon the same design defects.

At trial, the evidence indicated that preceding the accident Gwendolyn West had walked to the corner, stood on the west curb of the street which was under construction, speaking to a friend, for a period while the grader operated in a forward manner, southward and proceeded to pass her. The machine reached the end of its southward operation and commenced to back up. In the meantime, Mrs. West began walking across the street intersecting the path of the grader while it was travelling in reverse. She had been waiting for a bus, and as it approached she commenced to walk across the street, looking to her left; and then she looked into her purse; and continued to look into her purse until the time of the accident. She did not look to her right at any time toward the approaching grader. Both West and Caterpillar presented extensive conflicting expert testimony about the alleged defects in the design of the caterpillar.

The expert proof on the plaintiff's side, in essence, showed improper design and configuration of various parts of the grader obstructing visibility to the rear; absence of appropriate mirrors; and absence of available warnings on a machine created for rearward use; and design with a "blind spot" behind the operator.

The expert proof of the defendant, in essence, was that the machine was designed in an ordinary, standard fashion in a practical, reasonable manner, and thus was properly designed and constructed in a reasonably safe manner.

The district court submitted the case to the jury on three potential theories of recovery: negligence, which is not pertinent to this certificate; breach of an implied warranty of merchantability; and strict tort liability. On implied

warranty the Court instructed the jury that:

Thus, in order for the plaintiff to prevail on the basis of the breach of an implied warranty of merchantability, the plaintiff must establish each of the following elements by a preponderance of the evidence:

1. The motor grader manufactured by the defendant, Caterpillar Tractor Company, was not reasonably fit for the purposes for which it was sold and intended to be used;

2. The motor grader manufactured by the defendant was defective on the date of its delivery to Houdaille Industries, whose employee was operating the vehicle at the time of the accident; and

3. The plaintiff incurred damages as a result of the alleged defects.

On strict liability, the Court instructed:

. . . in order for the plaintiffs to recover under the theory of strict tort liability, the plaintiff must establish each of the following elements by a preponderance of the evidence:

1. That at the time of the sale the road-grading vehicle was in a defective condition unreasonably dangerous to foreseeable users or bystanders; and

2. That the defective, unreasonably dangerous condition in the road-grading vehicle was a proximate cause of the damages complained of in this litigation by the plaintiff.

Additionally, the Court asked the jury to consider Gwendolyn West's negligence:

. . . the burden is upon the defendant, Caterpillar Tractor Company, to establish by a preponderance of evidence that Mrs. West was contributorily negligent, as alleged, and that such negligence contributed one of the proximate causes of any injuries sustained by the plaintiff.

On the defense of contributory negligence you must determine . . . .

1. Was Mrs. West herself negligent in the manner alleged by the defendant? If yes,

2. Was such negligence a proximate cause of the incident complained of by the plaintiff? If yes,

3. What was the percentage of Mrs. West's negligence which contributed to the accident complained of by the plaintiff?

The Court did not instruct the jury as to assumption of risk.[1]

In answer to special interrogatories, the jury found Caterpillar liable on all three theories of recovery and determined that damages totalled $125,000. The jury also concluded that Mrs. West's negligence contributed to the accident to a degree of 35 percent.

The Court entered judgment for West and disregarded comparative negligence on the basis of strict liability and concluded that contributory (comparative) negligence was no defense to strict liability in Florida. The Court thus awarded damages of $90,000 which represented the full jury award of $125,000 set off by the earlier $35,000 settlement. This appeal followed.

3. *Questions to be Certified.*

1. (a) Under Florida law, may a manufacturer be held liable under the theory of strict liability in tort, as distinct from breach of implied warranty of merchantability, for injury to a user of the product or a bystander?

(b) If the answer to 1(a) is in the affirmative, what type of conduct by the injured party would create a defense of contributory or comparative negligence?

(1) In particular, under principles of Florida law, would lack of ordinary due care, as found by the jury in this case,

---

1. The appellant contends that it made timely application for jury instruction on its de- fense as pled of assumption of risk. The appellee denies same.

constitute a defense to strict tort liability?

2. Assuming Florida law provides for liability on behalf of a manufacturer to a user or bystander for breach of implied warranty, what type of conduct by an injured person would constitute a defense of contributory or comparative negligence?

(a) In particular, does the lack of ordinary due care, as found by the jury in the case, constitute such a defense?

The entire record in this case, together with copies of the briefs of the parties and agreed certification in this Court, are transmitted herewith.