Ann M. CESARY a/k/a Ann M. Johnson, Individually and for all others similarly situated, Plaintiff-Appellant,

v.

The SECOND NATIONAL BANK OF NORTH MIAMI, Defendant-Appellee.

No. 76–1515.

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1978.

Shalle Stephen Fine, Miami, Fla., Milton Feller, Miami Beach, Fla., for plaintiff-appellant.

Sheldon Rosenberg, North Miami Beach, Fla., for defendant-appellee.

Robert Shevin, Atty. Gen. of Fla., William S. Stevens, III, Mary Jo Carpenter, Asst. Attys. Gen., Susan E. Mole, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., amicus curiae.

Before INGRAHAM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal presents an important issue of Florida law which we believe is particularly appropriate for resolution by the Supreme Court of Florida. Thus, as we have done in the past,[1] we defer decision in the cause and certify the issue to the Supreme Court of Florida.

Following our practice,[2] we requested that the parties submit a proposed statement of facts and proposed agreed certificate of the questions for decision. They have reached agreement on the questions for decision, but have been unable to agree on which facts should be included in this certificate to the Florida Supreme Court. We have accordingly prepared the statement of facts which follows.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO § 25.031, FLORIDA STATUTES (1975), AND RULE 4.61, FLORIDA APPELLATE RULES.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this court involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appears to be no clear, controlling precedents in the decisions of the Supreme Court of the State of Florida. This court certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein, such case being on appeal from the United States District Court for the Southern District of Florida, Miami Division.

I. STYLE OF THE CASE

The style of the case in which this certification is made is Ann M. Cesary, a/k/a Ann. M. Johnson, individually and for all others similarly situated, Plaintiff-Appellant, versus The Second National Bank of North Miami, Defendant-Appellee, Case No. 76–1515, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Florida, Miami Division.

II. STATEMENT OF FACTS

This action was instituted by Ann M. Cesary, a/k/a Ann M. Johnson (hereinafter referred to as "Cesary") against the National Bank of North Miami (hereinafter referred to as the "bank") in the Southern District of Florida, Miami Division. Cesary sought to maintain a class action, suing in her own behalf and on behalf of those individuals who have borrowed less than $500,000 from the bank and who have paid interest thereon within a period of two years last past the date of filing of the action where interest has been charged by the bank on such loans in excess of 10% per annum.

Two issues were raised in the district court and on appeal. The first goes to the ability of Cesary to maintain the class ac-

---

1. *See, e. g., United States v. 16.33 Acres of Land in Dade County, Florida*, 537 F.2d 182 (5th Cir. 1976), on certification, 342 So.2d 476 (Fla.1977), on receipt of answers to certification, 551 F.2d 678 (5th Cir. 1977); *Nardone v. Reynolds*, 508 F.2d 660 (5th Cir. 1975), on certi-fication, 333 So.2d 25 (Fla.1976), on receipt of answers to certification, 538 F.2d 1131 (5th Cir. 1976).

2. *See West v. Caterpillar Tractor Co.*, 504 F.2d 967 (5th Cir. 1974).

tion, and the determination of that issue will rest upon federal law. The second issue, involving interpretation of two Florida statutes and the Florida Constitution, is the one submitted for certification. The facts are undisputed that Cesary borrowed $8,800.44 from the bank as evidenced by her promissory note. That note on its face provided for an interest rate of 11% per annum. Under the provisions of 12 U.S.C. § 86 (1945), the bank was entitled to receive interest at the maximum rate allowed by the law of the State of Florida. Cesary contends that the note is usurious on its face under the Florida usury statute, Fla. Stat. § 687.03.

The bank defends the claim by citing § 687.031 of the Florida statutes, which allows the charging of interest in excess of 10% per annum for loans arising under one or more statutory exceptions outlined elsewhere in the Florida statutes. The bank argues that its loan fits into one of these exceptions, that provided in § 656.17(1) for industrial savings banks and Morris Plan banks. According to the bank, since the exception permits a 14.13% annual percentage rate, the 11% rate charged Cesary was not usurious.

Cesary does not contest the proposition that the loans fall into the exception created by §§ 687.031 and 656.17(1). Cesary argues instead that these two provisions are "special laws" prohibited by Article III, § 11(a)(9) of the Florida Constitution and are therefore invalid.

The trial court entered summary judgment for the bank, holding the two statutes constitutional. This appeal followed.

## III. QUESTIONS FOR THE SUPREME COURT OF FLORIDA [3]

1. Does Florida statute § 656.17(1), which sets the allowable interest rate for Morris Plan banks and industrial savings banks violate Article III, § 11(a)(9) of the 1968 Florida Constitution?

2. Do the special provisions of existing statutory law referred to in Florida statute § 687.031, which creates statutory exceptions to the general law of Florida governing interest and usury, violate Article III, § 11(a)(9) of the 1968 Florida Constitution, as being special laws fixing interest rates on private contracts? [4]

---

**3.** We repeat what we have often said in the past:

> "[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problem involved in the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts." *Martinez v. Rodriguez*, 394 F.2d 156, 159, n. 6. (5th Cir. 1968).

**4.** The attention of the Florida Supreme Court is directed to the fact that there is now pending before it two cases, Nos. 52,626 and 52,627, consolidated under the style *Livenston v. Southeast Services, Inc., et al.*, which require consideration of substantially similar questions of statutory constitutionality.