SOUTHERN GUARANTY INSURANCE
CO., Plaintiff-Appellee,

v.

William F. PEARCE, Jr., Adm. of the
Estate of William M. Smith, Deceased,
Defendant-Appellant,

Viola Denise Suggs et al., Defendants.

No. 77–3023.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1979.

William B. Hardegree, Columbus, Ga., for defendant-appellant.

Max R. McGlamry, William G. Scrantom, Jr., Columbus, Ga., for plaintiff-appellee.

Before COLEMAN, RONEY and FAY, Circuit Judges.

PER CURIAM:

Having concluded that this appeal presents an important issue of Georgia law which we believe is appropriate for resolution by the Supreme Court of Georgia, our decision in this matter will be deferred pending such certification.

We have requested that the parties submit a proposed agreed statement of facts and certificate of issues for decision pursuant to our general practice. See *West v. Caterpillar Tractor Co., Inc.,* 504 F.2d 967 (5th Cir. 1964). The parties have reached agreement on the statement of the case and one issue to be certified. We have added, sua sponte, a secondary issue.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this court involves a question or proposition of the law of the State of Georgia which is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of the State of Georgia. This Court certifies the following questions of law to the Supreme Court of Georgia for instructions concerning said questions of law, based on the facts recited herein, such case being on appeal from the United States District Court for the Middle District of Georgia.

I. STYLE OF THE CASE

The style of the case in which this certification is made is Southern Guaranty Insurance Co., Plaintiff-Appellee, versus William F. Pearce, Jr., Adm. of the Estate of William M. Snith, Deceased, Defendant-Appellant, Viola Denise Suggs, et al., Defendants,

Case No. 77–3023, United States Court of Appeals for the Fifth Circuit on appeal from the United States District Court for the Middle District of Georgia.

## II. STATEMENT OF THE FACTS

Melvin W. Smith, a Georgia resident, hereinafter called "Smith", made application to Southern Guaranty Insurance Company, Appellee, hereinafter called "Southern Guaranty", on October 17, 1975, for automobile liability insurance. The application was made through Hendrix Insurance Agency in Phenix City, Alabama, and answers made to and signed in the presence of Donald Wayne Hendrix of that agency. The application was for basic third-party liability insurance and for basic personal injury protection benefits, or no-fault coverage, offered only to Georgia residents. The policy was issued providing for such benefits on October 21, 1975, and mailed to Smith at the Georgia address listed in his application.

Smith was involved in an automobile accident in Columbus, Georgia on November 29, 1975, and as a result of the collision, he and a passenger in his automobile were killed and the occupants of the other vehicle involved each contended they sustained personal injuries. William F. Pearce, Jr. was appointed Administrator of Smith's estate and suit was filed against the Administrator by one of the occupants of the other vehicle involved in the accident. Southern Guaranty was called upon to defend the action. A nonwaiver agreement was executed by Smith's Administrator and Southern Guaranty. Southern Guaranty then filed this action for a declaratory judgment and subsequently moved for summary judgment and judgment was granted in favor of Southern Guaranty declaring the insurance policy void ab initio.

The application for the policy contained the question, "Has any driver had a violation or an accident in the past three years?" In response to this question, Smith answered, "No". It was subsequently determined that Smith within the three year period prior to October 17, 1975 (the date of the application) had four traffic violations. The fact of any of the violations was not known by any agent or representative of Southern Guaranty either at the time of the application or at the time of the issuance and mailing of the policy. The insurance policy issued to Smith originally covered a 1965 Ford Fairlane automobile which was replaced by a 1966 Ford Mustang automobile on November 28, 1975, and Smith was driving the 1966 vehicle at the time of the accident.

By writing dated December 31, 1975, Southern Guaranty gave notice of cancellation. On April 6, 1976, suit was filed against Smith's Administrator by one of the occupants of the other vehicle; a nonwaiver agreement was executed by and between Smith's Administrator and Southern Guaranty Insurance Company on April 22, 1976; and on April 23, 1976, Southern Guaranty filed the action for declaratory judgment against Smith's Administrator (Appellant herein), all occupants of the other vehicle involved, the U.M. carrier of one of such occupants, and the parents of Smith and the other occupant of Smith's vehicle (who had filed PIP claims with Southern Guaranty). Subsequently, motion for summary judgment was filed by Southern Guaranty. The affidavits of the issuing agent and insurance company representative submitted therewith state that Southern Guaranty would not have issued the policy if the true facts had been known with respect to the traffic violations and that such facts were not known at the time of the issuance of the policy.

Southern Guaranty contended that Ga. Code Ann. § 56–2409 was controlling and that the insurance policy issued under the facts of this case was void ab initio and that the insurance company was relieved of all liability in connection with the policy.

Smith's Administrator contended that the motor vehicle identified in the policy and its replacement vehicle were required to be registered in Georgia; that the 1974 Georgia Motor Vehicle Reparations Act (Chapter 56–34B of the Georgia Code Annotated) which became effective on March 1, 1975,

precluded the assertion of the right established by Ga.Code Ann. § 56–2409, contending that this 1974 act referred to as the "No-Fault Act" makes automobile liability insurance compulsory in Georgia; and that a policy once issued cannot be cancelled or voided retrospectively after the happening of some event which would otherwise create liability on the part of the insurer.

Southern Guaranty responded to that contention by contending that since the policy in this case was not issued under an "assigned risk plan" and no certificate was issued by the insurer certifying that Smith had any coverage, the policy involved was a voluntary one and therefore subject to rescission as provided by Ga.Code Ann. § 56–2409. Southern Guaranty further contended that, if the 1974 No-Fault Act were to be construed as requiring compulsory third-party liability insurance in any stated amount prior to any accident or as repealing Ga.Code Ann. § 56–2409, such constructions would raise constitutional issues as to those portions of the No-Fault Act which allegedly authorized any such construction. An appeal was taken to the United States Court of Appeals for the Fifth Circuit contending the propriety of the summary judgment granted in favor of Southern Guaranty.

## III. QUESTIONS FOR THE SUPREME COURT OF GEORGIA

After the effective date of the Georgia No-Fault Act (Georgia Motor Vehicle Reparations Act, Georgia Laws 1974, pp. 113, et seq., Ga.Code Ann., Chapter 56–34B), can an automobile insurance policy providing basic third-party liability insurance and basic personal injury protection benefits, issued to a Georgia resident, be voided ab initio based upon misrepresentations made in the application for the insurance, as provided by Ga.Code Ann. § 56–2409, after an automobile accident giving rise to a claimed loss?

If the answer to the above question is in the affirmative, were the misrepresentations involved in this case sufficient to void this policy?

The entire record in this case, together with copies of the briefs of the parties and agreed certification in this Court, are transmitted herewith.