Sheila HOLLOWELL, Plaintiff–Appellant,

v.

Julio JOVE, M.D., and Hospital Authority
of DeKalb County,
Defendants–Appellees.

No. 78–2479.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1980.

Lee T. Dunn, Jr., Chicago, Ill., Johnson, Ward, Stanfield, Lanham & Carter, James C. Carr, Jr., Atlanta, Ga., for plaintiff–appellant.

Hunter S. Allen, Jr., Atlanta, Ga., for defendants–appellees.

Before GOLDBERG, CHARLES CLARK and THOMAS A. CLARK, Circuit Judges.

PER CURIAM.

This appeal presents important issues of Georgia law which we believe are appropriate for resolution by the Supreme Court of Georgia. Accordingly, our decision in this matter will be deferred pending certification of these issues to that court.

We have requested that the parties submit a proposed agreed statement of facts and certificate of issues for decision pursuant to our general practice. *See West v. Caterpillar Tractor Co., Inc.*, 504 F.2d 967 (5th Cir. 1974). The parties have reached agreement on the statement of the case and on several issues to be certified. We have eliminated four of these issues which do not present important and unresolved issues of Georgia law.[1]

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above–styled case in this court involves a question or proposition of the law of the State of Georgia which is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of the State of Georgia. This Court certifies the following questions of law to the Supreme Court of Georgia for instructions concerning said questions of law, based on the facts recited herein, such case being on appeal from the United States District Court for the Northern District of Georgia.

### I. *Style of the Case*

The style of the case in which this certification is made is *Sheila Hollowell, Appellant–Plaintiff, v. Julio Jove, M.D., and the Hospital Authority of Dekalb County, Appellees–Defendants*, Case No. 78–2479, United States Court of Appeals for the Fifth Circuit on appeal from the United States District Court for the Northern District of Georgia.

### II. *Statement of Facts*

On December 11, 1973, Hazel Bachelor Dickens, the Appellant's decedent, a resident of DeKalb County, Georgia, was admitted to the Appellee DeKalb General Hospital, with a diagnosis of transcervical fracture of the hip. During her hospital stay, Ms. Dickens was attended by the Appellee Julio Jove, M.D. On December 27, 1973, she was released from the Hospital, but was returned to its emergency room five hours later and pronounced dead on arrival. An autopsy indicated that she had died of a pulmonary embolism.

---

1. Appellant excepted to two of the issues which we have eliminated.

The decedent's daughter, Sheila Hollowell, brought this action in the United States District Court for the Northern District of Georgia, Atlanta Division, on December 26, 1975, alleging that Dr. Jove failed to undertake prophylactic measures to prevent the formation of blood clots in the decedent's legs and was, therefore, negligent. The Appellant further alleged that the hospital was negligent in allowing Dr. Jove to treat patients when it knew or should have known that he lacked the necessary skill, training and experience to treat patients suffering from the condition for which the decedent was hospitalized. (R. 6–7).

In its present posture, this case involves a discovery dispute between the parties. On April 2, 1976, Appellant filed First Continuing Interrogatories to Dr. Jove (R. 33–52). On May 6, 1976, Appellant filed First Continuing Interrogatories to the Hospital (R. 53–76), followed by Appellant's Second Continuing Interrogatories to the Hospital (R. 77–79) on May 10, 1976. On October 5, 1976, Appellant's counsel took the deposition of Dr. Jove. The discovery dispute arose because certain of the interrogatories propounded to the Appellees and certain questions propounded to Dr. Jove at the time of his deposition sought to discover whether any hearings or proceedings were conducted by hospital committees concerning the care provided by Dr. Jove to the decedent or to any other patient whom he had treated in the hospital. The Appellees objected to these questions on the grounds that the information sought was made absolutely privileged, confidential and non–discoverable by virtue of the provisions of Ga. Code Ann. § 88–3201, et seq. (R. 87–88, 100 and 102).

On November 3, 1976, Appellant filed a Motion to Compel Discovery requesting that the defendants be required to admit if any hospital committee hearings had ever taken place concerning the care rendered by Dr. Jove to the decedent or any other patient, and to divulge the names of those who participated in and/or were present at such meetings or hearings (R. 131–163). Both sides filed several briefs setting forth their positions with regard to Appellant's Motion to Compel Discovery (R. 164–167, 168–178, 179–183, 184–200), and, on April 11, 1977, the Court issued an order directing that the Hospital produce certain documents for the Court's in camera inspection, and denying the plaintiff's motion in all other respects (R. 201–203). The Appellant filed a Motion for Certification of the Court's Order (R. 204–209), which was denied (R. 222–226). Upon reviewing the documents produced for in camera inspection, the Court initially required the Hospital to produce the documents noting that none of the documents which were not disclosed relate to any investigation of the incident which is the subject matter of the instant action.

Subsequently, the Hospital filed a Motion for Reconsideration concerning certain of the documents which the Court had ordered it to produce (R. 216–221). Upon reconsideration, the Court declined to compel production of documents relating to the decision by one of the Hospital committees to restrict Dr. Jove's privileges with respect to the performance of anterior cervical fusion operations. (R. 225). The Court, however, did require the Hospital to produce all documents in Dr. Jove's personnel file relating to his initial appointment to the medical staff and documents relating to his periodic reappointment. (R. 226).

As a result of the various orders of the District Court, the Appellant was unable to obtain any records generated by the Hospital's peer review committees, whether or not the committees actually considered care rendered to the decedent or care rendered to other patients (R. 226). The Appellant's position is that, by virtue of the Court's various orders, she was prevented from developing any admissible evidence from persons who may have been present at any meetings of the Hospital's Quality Assurance Committees–the "original sources" specifically exempted by Ga.Code Ann. § 88–3204.

On July 19, 1977, the Appellant submitted a Motion for Reconsideration (R. 236–240),

which was subsequently denied (R. 288). Discovery progressed with Appellant filing her Third Continuing Interrogatories to the Hospital on September 27, 1977 (R. 245–247), and Fourth Continuing Interrogatories to the Hospital on October 19, 1977 (R. 251–254).

The Appellant also filed a Request for Admissions on September 27, 1977 (R. 241–244). The Appellees refused to answer these Requests and the Appellant filed a Motion to Compel Discovery on December 22, 1977 (R. 299–311). These requests were subsequently answered fully and completely by Appellees. Appellant had also filed a Motion to Compel Answers on October 19, 1977 (R. 255–261), which was substantially granted in the Court's pre–trial order of January 9, 1978 (R. 325–327).

The trial of the case commenced on January 8, 1978, and lasted until January 17, 1978, on which date the jury found in favor of the Appellees.

### III. *Issues of Law*

(1) Does the legislation relating to records of Medical Review Committees contained in Georgia Code Annotated § 88–3201, *et seq.*, apply to records of Medical Review Committee activity engaged in before these statutes were enacted?

(2) If the answer to question (1) is yes, does such application violate the prohibition on retro–active laws, now codified as Georgia Code Annotated § 2–107, or any other provision of the Georgia Constitution?

(3) What is the proper breadth of application of such legislation in medical malpractice matters, i. e., does it cover records relating to care of patients other than plaintiff or the decedent whose estate or interests are represented by plaintiff, does it cover information related to the defendant physician's general competence, his competence to treat the condition from which the decedent suffered as evidenced by his treatment of other similarly afflicted patients, or competence to perform medical procedures other than those specifically involved in the subject litigation, does it cover information such as whether any Medical Review Committee meetings related to the care of the decedent whose interests are represented by plaintiff were held or who attended such meetings, does it cover information generated or maintained by entities other than "Medical Review Committees" as defined in the legislation.

The entire record in this case, together with copies of the briefs of the parties in this Court, are transmitted herewith. QUESTIONS CERTIFIED.