PEARSON, Judge.
The plaintiff, Carmen Z. Aragon, as ad-ministratrix of the estate of Juan Aragon, deceased, brings these consolidated appeals from final judgments for defendants Florida Equipment Company of Miami, Inc., and Paul Melotto and their insurer Consolidated Mutual Insurance Company; Terminal Transport Company, Inc., and Sarkie James Krikorian and their insurer, Continental National American Insurance Company; John Nash and F. S. DeGroff and their insurer, Cosmopolitan Mutual Insurance Company. A summary final judgment was entered for defendants Cosmopolitan Mutual Insurance Company and a judgment on directed verdict for defendants F. S. De-Groff and John Nash, but the cause was tried before a jury on the issues between the plaintiff and Krikorian, Terminal Transport Company, Inc., and Continental National American Insurance Company. Although a separate notice of appeal was filed from each judgment, the appellant’s brief presents five points. Each point concerns the trial of the cause wherein the appellant was plaintiff and Florida Equipment Company of Miami, Inc., Sarkie James Krikorian and Continental National American Insurance Company were defendants.
Two of appellant’s points, directed to the instructions given to the jury, in our opinion, present reversible error. We do not consider the other points raised, but reverse *91 and remand the cause for a new trial with regard to the last-stated defendants. With regard to all other defendants, the judgments are affirmed.
There was extensive and conflicting evidence before the jury on the question of liability. Clear cut, factual issues' were presented on whether the defendants and the deceased plaintiff were negligent in their actions immediately preceding the accident. At the charge conference, the plaintiff, in writing, requested Instruction 5.1(b) of the Standard Jury Instructions. This instruction deals with concurring negligence and was proper under the factual situation in this case. Although the trial court indicated it would give the instruction, it failed to read the instruction to the jury. The record shows that the plaintiff objected at the end of the court’s charge and attempted to call to the court’s attention its oversight, but the oversight was not corrected.
The court also erred in giving the following instruction in this comparative negligence case:
“This case will result in your deciding either a verdict all the way for the plaintiff or a verdict all the way for the defendants.”
This instruction introduced confusion and was improper.
Therefore, upon a holding that the court’s instruction as a whole was improper and misleading, the cause is remanded for a new trial. See Florida Power & Light Company v. McCollum, 140 So.2d 569 (Fla.1962); and see generally the principles of law in Sirmons v. Pittman, 138 So.2d 765, 770 (Fla. 1st DCA 1962).
Affirmed in part, reversed in part and remanded.