383 So.2d 1140 (1980)
Dennis W. FELLOWS and Denise M. Fellows, a Minor, by and through Her Next Friend, Dennis W. Fellows, Appellants,
v.
CITIZENS FEDERAL SAVINGS & LOAN ASSOCIATION OF ST. LUCIE COUNTY, Florida, and Bank Building Corporation of America, Appellees.
No. 77-2545.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
Thomas Mitchell Barlow, Jr., and S. Lindsey Holland, Jr. of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellants.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellees.
BERANEK, Judge.
Plaintiff appeals from a summary judgment in favor of the defendants. We affirm. The facts are that the plaintiff was proceeding on Highway U.S. 1 when he had car trouble. He left the highway and entered a driveway on the property of Citizens Federal Savings & Loan Association. This driveway area was under construction by the second defendant, Bank Building Corporation of America. Plaintiff was not a customer of the Bank and was using the driveway solely for his own purpose. It is alleged that the driveway was a one-way drive but that it was not properly marked on the pavement with arrows. In any event, plaintiff turned around in the driveway due to his car trouble. This placed him in the position of attempting to cross U.S. 1 *1141 from east to west. Plaintiff's car was struck by a truck which had run a red light. Serious injuries occurred and plaintiff sued defendants, Citizens Federal Savings and Loan Association and the corporation doing construction work on the premises. Plaintiff's allegations were that the driveway had been negligently designed and that the defendants had failed to provide warning signs or other traffic control devices at the entry of the highway.
The defendants filed motions for summary judgment. Final summary judgment in favor of defendants was entered and the order granting the motion does not recite the ground therefor.
Our review of the record indicates that the clear proximate cause of plaintiff's accident was the truck on the highway which ran the light. The record conclusively shows that negligent design of the driveway, if any, was not the legal cause of the eventual accident which occurred on the far side of this four-lane, divided highway. Proximate cause means that the alleged wrong of the defendant caused the damage plaintiff claims. Rosen v. Parkway General Hospital, Inc., 265 So.2d 93 (Fla. 3d DCA 1972). There must be such a natural, direct and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act the injury would not have occurred. Sardell v. Malanio, 202 So.2d 746 (Fla. 1967). Here, even the safest of driveways would not have saved plaintiff from being struck by the truck which ran the light.
Much of the argument before the trial court and on brief before this court relates to the status of the plaintiff while on the defendant's property. Defendants contend plaintiff was a trespasser and plaintiff contends he was either a business invitee or at least an uninvited licensee. We need not consider this issue because no matter what his status, there is no indication that any negligence of these defendants was the proximate cause of plaintiff's injuries. A similar situation was presented in Pope v. Cruise Boat Co., Inc., 380 So.2d 1151 (Fla. 3d DCA 1980), where the Third District Court of Appeal affirmed a summary judgment based on an absence of proximate cause where the plaintiff entered a highway from an obstructed shoulder area. We believe this case is governed by the same principle as applied in the Pope decision and the summary judgment is therefore affirmed.
AFFIRMED.
ANSTEAD, J., and SIMONS, STUART M., Associate Judge, concur.