401 So.2d 884 (1981)
Gloria BORENSTEIN and Charles Borenstein, Appellants,
v.
Robert RASKIN, M.D. and Maurice Lebowitz, M.D., Appellees.
No. 80-183.
District Court of Appeal of Florida, Third District.
July 21, 1981.
*885 Horton, Perse & Ginsberg and Edward A. Perse, Cohen & Kokus, Miami, for appellants.
Thornton & Herndon and John Edward Herndon, Jr., Miami, for appellees.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Gloria Borenstein, plaintiff below, appeals from a final judgment entered against Dr. Robert Raskin, defendant below, in a medical malpractice action in which the jury by special verdict found Dr. Raskin to be five percent negligent and appellant Mrs. Borenstein to be ninety-five percent negligent. Charles Borenstein, the husband, appeals from a jury verdict of zero dollars on his derivative claim for loss of consortium. Appellant Mrs. Borenstein contends that the court erred in instructing the jury on comparative negligence over objection of her counsel.
In February of 1975, Mrs. Borenstein began experiencing low back pain and a tingling sensation in her feet. Mrs. Borenstein saw a family doctor who gave her an injection and advised bed rest. Her condition worsened and she developed sores around her buttocks and groin. On March 11, 1975, Mrs. Borenstein went to see Dr. Greenberg who perceiving a serious problem immediately called Dr. Raskin, a neurologist at Parkway General Hospital, and set up an appointment for Mrs. Borenstein that same day.
Upon examining Mrs. Borenstein, Dr. Raskin could detect only faint femoral pulses in her feet and noted a rash in her groin and hip area. Mrs. Borenstein was hospitalized from March 11, 1975 until April 5, 1975. While hospitalized, Mrs. Borenstein developed discolored areas on her feet. Dr. Raskin indicated these areas would clear up and recommended a dermatologist. From April 5 until April 15, 1975, Mrs. Borenstein treated the lesions on her hips, buttocks and feet at home. On April 25, 1975 Mrs. Borenstein went to see a dermatologist who gave Mrs. Borenstein instructions for at-home treatment. On May 5, 1975 Mrs. Borenstein was again examined by Dr. Raskin who recommended that, after the groin lesions improved, she see Dr. Spear a vascular surgeon. At trial Dr. Raskin testified that the reason he did not recommend that Mrs. Borenstein see Dr. Spear immediately was that "No surgeon is going to do any surgery on the lower aorta to remove blockage in the face of infected lesions of the groin." From May 13, 1975 until July 8, 1975, Mrs. Borenstein continued the at-home treatment. On July 8, 1975 Mrs. Borenstein saw a dermatologist and on July 10, 1975 again went to see Dr. Raskin who noted the degeneration in her condition and referred her immediately to Dr. Radlauer, a plastic surgeon. On July 11, 1975 Mrs. Borenstein was examined by Dr. Radlauer who detected large necrotic areas on both feet and on the left hip. Dr. Radlauer had Mrs. Borenstein immediately admitted to Parkway General Hospital and called Dr. Chang Wu, a vascular surgeon and cardiologist. Dr. Wu diagnosed an obstruction in the aorta leading to the lower extremities and performed the required surgery. Mrs. Borenstein *886 subsequently underwent surgery for removal of one toe on each foot and plastic surgery.
As a defense to the malpractice action, Dr. Raskin claimed that Mrs. Borenstein's delay in seeing a vascular surgeon was comparative negligence. During the hearing on the proposed jury instructions, counsel for Mrs. Borenstein objected to the use of the jury instruction on comparative negligence on the grounds that there had been no evidence at all that Mrs. Borenstein was in any way negligent with respect to her own care, that there was no testimony that she did anything but follow the instructions of the various doctors and there was no testimony linking any of her actions as a causal factor to the damages sustained by her.
In order to establish the defense of comparative negligence Dr. Raskin had to prove each of the elements of negligence; that Mrs. Borenstein owed herself a duty of care, that she breached that duty and that the breach was the proximate cause of the damages she sustained. Proximate cause means that the alleged wrong of the party caused the damage. There must be such a natural, direct and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act, the injury would not have occurred. Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981); Fellows v. Citizens Federal Savings & Loan Assoc., 383 So.2d 1140 (Fla. 4th DCA 1980).
There is no evidence that any delay on the part of Mrs. Borenstein in seeing a vascular surgeon between April 5 and July 11, 1975 was a proximate cause of her damages. Where reasonable persons can come to but one possible conclusion, issues of negligence become questions of law, and should not be submitted to a jury. See, e.g., Cassel v. Price, supra at 260, Fellows v. Citizen Federal Savings & Loan Assoc., supra at 1141. Accordingly, we find that the trial court erred in submitting the instruction on comparative negligence to the jury over the prior objection of counsel.[1]
We leave intact the jury verdict awarding the husband zero dollars on his claim for loss of consortium because here the failure to move for a directed verdict or new trial prevents Mr. Borenstein from raising the issue for appellate review. See, e.g., 6551 Collins Avenue Corp. v. Millen, 97 So.2d 490 (Fla.3d DCA 1957), cert. quashed, 104 So.2d 337 (Fla. 1958) (failure to move for directed verdict precludes appellate review. Cf. Hagens v. Hilston, 388 So.2d 1379 (Fla.2d DCA 1980) (trial court erred by granting motion for new trial on damage for loss of consortium).
The appeal of Charles Borenstein is dismissed; the finding of comparative negligence against Gloria Borenstein is reversed and the cause is remanded with instructions to enter judgment for the full amount of damages.
NOTES
[1] We note that the issue is preserved for appellate review because counsel objected to use of the jury instruction prior to submission to the jury and the giving of the instruction was erroneous and prejudicial. Smith v. McCullough Dredging Co., 152 So.2d 194 (Fla.3d DCA 1963), cert. denied, 165 So.2d 178 (Fla. 1964) (issue of jury instruction over objection of counsel preserved for appeal where instruction erroneous and prejudicial.) See, e.g., Aragon v. Florida Equipment Company of Miami, Inc., 368 So.2d 90 (Fla.3d DCA 1979) (erroneous jury instructions given in comparative negligence introduced confusion).