453 So.2d 902 (1984)
Armand CUOZZO, Appellant/Cross Appellee,
v.
RONAN & KUNZL, INC., Appellee/Cross Appellant, and
Piggly Wiggly Delray Beach, Inc., Travelers Insurance Company, and Pittsburgh Plate Glass Company, Appellees.
No. 83-1058.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
*903 Barbara J. Compiani of Edna L. Caruso, P.A., and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant/cross appellee.
David F. Crow of Paxton, Crow, Bragg & Austin, P.A., West Palm Beach, for appellee/cross appellant, Ronan & Kunzl, Inc.
Jane Kreusler-Walsh and Larry Klein and Peterson & Fogarty, West Palm Beach, for appellees, Piggly Wiggly and Travelers Ins. Co.
Frank G. Cibula, Jr., of Cibula, Gaunt & Pratt, West Palm Beach, for appellee, Pittsburgh Plate Glass Co.
DELL, Judge.
Armand Cuozzo appeals from an order denying his motion for new trial or additur.
Appellant suffered personal injuries when an electronically controlled entry door in Piggly Wiggly's store struck him. Appellant brought suit against appellees Piggly Wiggly Delray Beach, Inc., Travelers Insurance Company, Ronan & Kunzl, Inc., and Pittsburgh Plate Glass Company. Each appellee alleged comparative negligence as an affirmative defense. Appellant presented the only evidence relating to the manner in which he approached and entered the door. The jury found Piggly Wiggly guilty of negligence and found appellant had contributed to his injuries to the extent of 35%. The jury found no negligence on the part of Ronan & Kunzl, Inc., or Pittsburgh Plate Glass Company.
Appellant raises four points on appeal. He contends the trial court erred when it denied his motion for directed verdict on comparative negligence, denied his motion for new trial or additur, in prohibiting appellant from commenting on the defendant's failure to call an independent medical expert and in entering cost judgments against appellant for Ronan & Kunzl and Pittsburgh Plate Glass Company. Appellees Ronan & Kunzl filed a notice of cross appeal but have not presented any argument.
We agree with appellant's contention that the trial court erred when it denied a directed verdict on the issue of comparative negligence. Having alleged comparative negligence, an affirmative defense, appellees bore the burden of proof. Hough v. Menses, 95 So.2d 410 (Fla. 1957). Where no evidence exists tending to prove comparative negligence, the issue should not be submitted to the jury. Borenstein v. Raskin, 401 So.2d 884 (Fla. 3d DCA *904 1981). Appellant's testimony showed that he approached and entered the door in a manner consistent with its proper use. Appellees failed to introduce any evidence to rebut appellant's testimony or to establish that he failed to exercise reasonable care when he entered the door. Therefore we hold that the trial court erred when it instructed the jury on comparative negligence and when it reduced the amount of the plaintiff's judgment from $80,000 to $52,000.
Appellant also argues that he should receive either a new trial or additur, because the jury's award failed to cover his out-of-pocket expenses and was, therefore, shockingly low. We disagree. Appellant proved that he incurred $32,275 in medical bills, lost $13,500 salary, and estimated future medical bills at $24,000 and future salary loss at $13,500, for a total of $84,000 damages. The jury awarded $80,000. However, the jury had before it not only appellant's proof of damages, but also evidence tending to prove that much of these damages, particularly those for psychiatric care, was attributable to pre-existing conditions. Appellees also adduced testimony that appellant, in the past, had exaggerated his symptoms. We cannot say that the jury, whose function is to weigh conflicting evidence, returned a verdict unsupported by the evidence.
We find no error in the trial court's refusal to permit appellant's counsel to comment on appellees' failure to call an independent medical expert. The record demonstrates that appellant failed to testify that he had been examined at appellees insistance, or otherwise introduce evidence necessary as a predicate to such an argument.
We find no merit in appellant's remaining point on appeal. We dismiss Ronan & Kunzl, Inc.'s cross appeal for its failure to submit argument in support thereof.
Accordingly, we reverse that part of the final judgment awarding damages in the amount of $52,000, remand this cause to the trial court with instructions to enter judgment in favor of appellant in the amount of $80,000 and affirm the final judgment in all other respects, including the costs awarded to appellees Ronan & Kunzl, Inc., and Pittsburgh Plate Glass Company.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GLICKSTEIN, J., concurs.
HERSEY, J., dissents with opinion.
HERSEY, Judge, dissenting.
I would affirm. The jury did not inappropriately attribute negligence to Cuozzo which was at least a substantially contributing cause of his alleged injury. Cuozzo's credibility was very much an issue. To avoid cluttering up the law books with recitals of testimony ad nauseum, particularly in dissent, the following summary shall suffice with apologies to offended parties.
Cuozzo testified that Harrison, assistant manager of the Piggly Wiggly store, upon being apprised by Cuozzo of his encounter with the swinging door, stated he was surprised more people had not been hurt by the doors which were supposed to be fixed but hadn't been. Harrison's deposition, read to the jury and purporting to consist of the entire conversation between Cuozzo and Harrison on the night in question contained no such reference to a malfunction. In fact, Harrison said the door had been working before the incident, he personally then checked it out for 30 minutes and it worked fine; he continued to watch the door for the remainder of the evening and it never failed to operate properly. The jury was entitled to consider that Harrison, a mere employee, had nothing to gain by fabricating testimony; Cuozzo, on the other hand, was obviously financially interested in the outcome.
Additionally, Cuozzo's testimony was inconsistent and contradictory. He walked up to and through the door at an average pace; he was a quick moving person and approached the door at a fast pace. The door swung completely open; the door moved to a partly open position. Cuozzo *905 was pinned by the door for about a minute; he was pinned against something, perhaps the railing, for three minutes and only broke free by superhuman exertions. Expert testimony (and, one supposes, the experience and common sense that a juror having been exposed to automatic doors for 20 or 30 years brings to the jury room with him) was to the effect that if one were to proceed too slowly through the door, stepping on the threshold, the door might close on him. If this is true, does it not follow that a reasonably prudent man does not linger in automatic doors?
It is not within the province of the trial judge to weigh evidence or determine questions of credibility, and where there is the possibility of different conclusions or inferences from the evidence, the judge should submit the issue to the jury. Ranger v. Avis Rent-a-Car System, 336 So.2d 467 (Fla. 3d DCA 1976).
While it is true in the instant case that there were no witnesses to Cuozzo's passage through the doorway and thus no direct evidence contradicting his testimony, the fact that his own negligence contributed to his injury "may be proved, like any fact, by circumstantial evidence." Montgomery v. Florida Jitney Jungle Stores, 281 So.2d 302 (Fla. 1973) (citing Jenkins v. Brackin, 171 So.2d 589 (Fla. 2d DCA 1965)).