PER CURIAM.
This appeal is from a judgment entered upon a jury verdict finding defendant, a firm of architects and engineers, 80% liable for negligence in approving or failing to disapprove an air conditioning system which it knew or should have known was inadequate to prevent the accumulation of carbon monoxide fumes in the customs facility at the Miami International Airport.
Defendant contends that failure by the owner of the building to make corrections once it knew of a defect was the proximate cause of plaintiff Ronald Calvin’s injury, and that defendant was entitled to a proximate cause instruction on authority of Slavin v. Kay, 108 So.2d 462 (Fla.1959). Slavin announced the general rule that a contractor is relieved of liability for injuries to third parties occurring after the owner has accepted the completed project if the owner could have discovered and remedied the dangerous condition. Plaintiffs/appellees make three arguments in response: (1) the Slavin doctrine applies to building contractors but not to engineers; (2) the Slavin rule does not apply where the parties are dealing with inherently dangerous elements; and (3) even if the doctrine applies to engineers and the element dealt with by the parties is not inherently dangerous, the doctrine is still not applicable because defendant had not turned the entire project over to the owner at the time of plaintiffs injuries. We dispose of the Slavin argument on the basis of plaintiffs’ last response.
Defendant’s contractual duties required it to make “detailed annual inspections” and to “recommend long range improvement programs, if any, requiring consideration by the [Port] Authority.” Defendant’s requested jury instruction,[1] which was de *1367 nied, would have been misleading as it did not require the jury to find whether defendant’s contractual obligations had been completed and the project accepted by the owner as a precondition to exoneration from liability. Because there was no factual basis for the Slavin instruction, and further because the requested instruction .was an incomplete statement of the law, we find no error in refusing to give the instruction.
Plaintiffs’ point on the cross-appeal is controlled by Borenstein v. Raskin, 401 So.2d 884 (Fla.3d DCA 1981). There was no evidence showing negligence on the part of plaintiff which was a legal cause of his injuries. Plaintiff began working at the customs facility in mid-1975. He began to experience physical and emotional problems caused by the inhalation of carbon monoxide fumes near the end of 1975 or in January, 1976. He first saw a physician in June, 1976, still unaware of the cause of the problems. No direct evidence was presented, nor was there even an inquiry as to whether the delay between the first noticeable symptoms and plaintiff’s first visit to the doctor made any difference in the extent of his injuries. That delay, which defendant relied on for the comparative negligence instruction, was insufficient to raise even an inference of comparative negligence. Plaintiff, in accordance with the indistinguishable Borenstein case, was entitled to a directed verdict on the issue of comparative negligence.
The remaining issues are without merit.
The appeal from a judgment for the plaintiff is AFFIRMED; the cross-appeal from that part of the judgment which assigns 20% comparative negligence to plaintiff is REVERSED and the cause is REMANDED with instructions to enter judgment for the plaintiff for the full amount of his damages.

. Defendant requested the court to instruct the jury as follows:
You are instructed that, if you find that there was a defect in the air-conditioning system but that the owner of the airport, Miami-Dade Port Authority, was aware of such defect and had sufficient time to correct it, you shall find for the defendants, HOWARD, NEEDLES, TAMMEN and BERGENDOFF and BARTLETT CONSTRUCTION, INC.