PER CURIAM.
We affirm the final summary judgments under review because the record conclusively demonstrates that the sole proximate cause of the traffic accident sued upon was the negligence of the “phantom” vehicle in failing to yield the right-of-way, in pulling into the path of the plaintiff Daniel Ruiz, and in forcing the plaintiff Ruiz off the road causing serious injuries to Ruiz.
Assuming, without deciding, that the defendant Taracomo Townhouse Association, Inc. was guilty of some negligence in the design of its driveway out of which the “phantom” vehicle emerged prior to the accident, it is plain that this negligence, if any, was not a proximate cause of the subject accident because it is undisputed on this record that the driver of the “phantom” vehicle had an unobstructed view of the street where the plaintiff Ruiz was driving prior to pulling out. Assuming also, without deciding, that the defendant George Zamry was negligent in entrusting his motorcycle to his son Michael, who, in turn, was negligent in entrusting the said motorcycle to the plaintiff Ruiz, this negligence, if any, was not a proximate cause of the subject accident. As previously indicated, the accident was caused entirely by the negligence of the “phantom” vehicle. This being so, the trial court was eminently correct in entering a final summary judgment in favor of the above two defendants. Arkin Const. Co. v. Simpkins, 99 So.2d 557, 561 (Fla.1957); Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla. 3d DCA 1984), rev. denied, 464 So.2d 554 (Fla.1985); Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla.1984); Fellows v. Citizens Fed. Sav. & Loan Ass’n, 383 So.2d 1140 (Fla. 4th DCA 1980); Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980); Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977), cert. denied, 354 So.2d 986 (Fla.1978); Byrd v. Leach, 226 So.2d 866 (Fla. 4th DCA 1969).
Affirmed.