530 So.2d 1009 (1988)
Gladys COULTER, Appellant,
v.
AMERICAN BAKERIES COMPANY, a Delaware Corporation, Appellee.
No. 87-1574.
District Court of Appeal of Florida, First District.
August 30, 1988.
Rehearing Denied October 4, 1988.
*1010 Timothy Martin, of Williams and Stapp, Jacksonville, for appellant.
Michael J. Arington, of Neder and Arington, P.A., Jacksonville, for appellee.
WIGGINTON, Judge.
This appeal is from a jury verdict and final judgment awarding damages in a products liability action which damages were reduced due to the jury's finding of comparative negligence. The issue presented is whether the trial court erred in allowing the defendant/appellee to raise comparative negligence as a defense and by instructing the jury on comparative negligence. We reverse.
The uncontroverted evidence presented at trial revealed that appellant had purchased doughnuts manufactured by appellee and sealed in their original package. She opened the package in her automobile and in the course of driving to her destination consumed several pieces of one doughnut by breaking them off with her fingers and popping them into her mouth. Because of an abscessed tooth and sore jaw, instead of chewing the doughnut with her teeth appellant would sip milk through a straw allowing the doughnut to dissolve in her mouth. In fact, it was the dissolving nature of the doughnut which had prompted appellant to purchase that particular product. Shortly after she began consuming the doughnut, she felt something stick in her throat and immediately ceased ingestion. It was later discovered through x-rays the same day that appellant had consumed a piece containing a metal wire and causing her subsequent injury.
A complaint was filed alleging breach of implied warranty in that the doughnuts were unfit for human consumption. Appellee asserted the affirmative defense of comparative negligence, alleging that appellant was negligent in the manner in which she had consumed the doughnut by not "chewing" it. At trial, appellant objected to a proposed instruction on comparative negligence which objection was overruled.
The jury returned a verdict in favor of appellant awarding $12,500 in damages. However, based on the instruction on comparative negligence, the jury assessed negligence against appellant in the amount of 80 percent, thereby reducing her damages to $2,500.
It is settled that comparative negligence is a defense in an implied warranty action. West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976); Coleman v. American Universal of Florida, Inc., 264 So.2d 451 (Fla. 1st DCA 1972). However, it is equally settled that where there is no evidence tending to prove comparative negligence, the issue should not be submitted to the jury. Borenstein v. Raskin, 401 So.2d 884 (Fla. 3d DCA 1981).
In a breach of an implied warranty action based on the presence of a harmful substance in food, the test of whether *1011 the presence of the harmful substance constitutes a breach of implied warranty is whether the consumer can reasonably expect to find the substance in the food as served. Zabner v. Howard Johnson's, Incorporated, 201 So.2d 824 (Fla. 4th DCA 1967). Moreover, when asserting the defense of comparative negligence in an implied warranty action, the issue pertains to the misuse of the product as opposed to the failure to discover or guard against a defect. Coleman v. American Universal of Florida, Inc., 264 So.2d at 453-454.
Applying the foregoing to the instant case, there was simply no evidence that appellant could have expected to find a wire in the doughnut or that she used the doughnut in an abnormal, unintended, or unforeseen way. Indeed, appellant was essentially protecting herself  that is, her abscessed tooth  as best she could by choosing a doughnut that was soft and could easily dissolve with the milk. In that sense, by her use of the milk she was "chewing" the doughnut.
Consequently, there being no evidence tending to prove comparative negligence, the trial court erred in submitting the issue to the jury. The judgment in the instant case is reversed and the cause remanded for the trial court to enter judgment for the full amount of the damages awarded in favor of appellant. Borenstein v. Raskin.
SMITH, C.J., and WENTWORTH, J., concur.