PER CURIAM.
Appellant, a seaman, claims the cruise ship on which he was employed made unlawful deductions from his pay. Additionally, he claims that he suffered personal injury in two separate accidents occurring aboard the ship. Appellant brought the instant action claiming Jones Act negligence, unseaworthiness, maintenance and cure, punitive damages for failure to pay maintenance and cure, and unlawful wage deductions. A jury found no unlawful pay deductions. It found the cruise line 100% negligent with respect to the first accident, but found the seaman had suffered no damages as a result of that incident. As to the second accident, the jury found that the seaman suffered substantial damages, but found the cruise line 17.5% negligent and the seaman 82.5% negligent. The jury also awarded the seaman for his maintenance and cure. Based on these findings, the trial judge issued the final judgment in the seaman’s favor.
The seaman raises three points in this appeal. We address the only point we find meritorious, the claim that the trial court improperly denied the seaman’s motion for a directed verdict on comparative negligence in the second accident.
Carlos Cuadros claims the second accident occurred when, at the conclusion of a shipboard fire drill, he was injured while standing before a locked fire door leading *862 to his work station. On his shoulder, Cuad-ros carried a salad bowl which he had picked up minutes earlier. The fire doors opened by sliding into the wall, and ship procedure was for an officer to immediately open these doors after each drill. Here, ten to fifteen minutes passed before an officer finally arrived. Then, the officer could not get the door unlocked. Twelve or fifteen crew members waited in the two by three-meter space approaching the door. Cuadros stood toward the back of the group. He was positioned six inches behind one crew member and one foot in front of a table. Finally, the officer in his attempt to open the door made a gesture with his arm that caused the crew members on the scene to suddenly step backwards. Cuadros was hit by the crew member in front of him and knocked off balance. The lapse in ship procedure, according to Cuadros, caused him to bump his back against the edge of the table, resulting in his injury.
Considering the facts in this second accident, we conclude that Cuadros is correct in arguing that the trial court should have directed the verdict on comparative negligence in his favor. Where there is no evidence of negligence, that issue should not be submitted to the jury. Borenstein v. Raskin, 401 So.2d 884 (Fla. 3d DCA 1981). Given that the fire door slid into the wall rather than swinging towards the crowd, a reasonably prudent person would not have anticipated that the crowd might surge backwards toward him. There was simply no evidence of negligence on the seaman’s part. The question of a seaman’s comparative negligence creates a jury question only when there is some evidence to support it. Dos Santos v. Ajax Navigation Corp., 531 So.2d 231 (Fla. 3d DCA 1988), cert. dismissed, 489 U.S. 1048, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989). Thus, we conclude the trial court erred both in giving the comparative negligence instruction to the jury and in thereafter reducing Cuadros’ damages in the final judgment.
Accordingly, we reverse and remand this cause to the trial court with instructions to enter judgment in favor of appellant for the full amount of the jury’s determination of damages and maintenance and cure. We affirm the final judgment in all other respects.
Affirmed in part, reversed in part, and remanded.