618 So.2d 275 (1993)
The FLORIDA ASSOCIATION OF WORKERS FOR THE BLIND, INC., d/b/a Lighthouse for the Blind, Appellant,
v.
Margareth GUILLAUME, Appellee.
No. 92-1491.
District Court of Appeal of Florida, Third District.
April 6, 1993.
Rehearing Denied June 8, 1993.
*276 George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, Hicks, Anderson & Blum and Bambi Blum, Miami, for appellant.
Levine & Finger and Dave Finger, Miami, for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
PER CURIAM.
We affirm the order awarding plaintiff a judgment notwithstanding the verdict. The trial court properly determined that defendant presented no evidence of comparative negligence and that the issue should not have been submitted to the jury.
In its order the trial court found:
1) Having alleged comparative negligence as an affirmative defense, the Defendant bore the burden of proving said comparative negligence.
2) The Defendant presented no evidence tending to prove comparative negligence on the part of the Plaintiff. That is to say, Defendant presented no evidence that Plaintiff breached her own duty of care to herself and that such breach was the proximate cause of the damages Plaintiff sustained.
3) Since no evidence existed tending to prove comparative negligence, the issue of comparative negligence should not have been submitted to the jury.
4) Plaintiff's objection to the submission to the jury of a comparative negligence verdict form was timely and put the Court on notice of Plaintiff's objection to the issue of comparative negligence therein preserving this issue for review.
5) Inasmuch as the Court finds that Defendant presented no evidence of comparative negligence, the Court finds that reasonable persons could come to but one conclusion and that the issue of comparative negligence becomes a question of law and should not have been submitted to the jury.
It is well-settled law that "where there is no evidence tending to prove comparative negligence, the issue should not be submitted to the jury." Coulter v. American Bakeries Co., 530 So.2d 1009, 1010 (Fla. 1st DCA 1988); Cuadros v. Carnival Cruise Lines, 604 So.2d 861, 862 (Fla. 3d DCA 1992); Borenstein v. Raskin, 401 So.2d 884 (Fla. 3d DCA 1981). In this case, there was no evidence that Plaintiff was negligent. Thus, it was error to submit the issue to the jury; affirmance is required.
Affirmed.