724 So.2d 669 (1999)
Constance WOODARD and Christopher Woodard, Appellants,
v.
ARMENIAN CULTURAL ASSOCIATION OF AMERICA, INC., d/b/a Armenian American Community Church, Appellee.
No. 97-1556.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
Lauri Waldman Ross of Lauri Waldman Ross, P.A., and Simon, Nelson & Ruggiero, P.A., Miami, for appellants.
Neil Rose, North Bay Village, and Steven J. Chackman of Bernstein & Chackman, P.A., Hollywood, for appellee.
WARNER, J.
In this appeal from a judgment in favor of the property owner in a premises liability case, the appellants claim that the trial court erroneously instructed the jury on the standard of care owed by a property owner to a trespasser. Appellant claims that the evidence was in conflict on the issue, as she had maintained that she was not on the property at all but was injured by an instrumentality within the exclusive control of the property owner. We hold that where there are disputed issues of fact as to the status of an individual regarding the standard of care, the resolution of those disputed issues is a question of fact for the jury. We therefore reverse.
Appellant, Constance Woodard, was injured when a parking lot gate fell on top of her. She lived directly across the street from the parking lot of the appellee, Armenian Cultural Association ("Association"). The entrance to the Association was a double driveway leading into a large parking area. At the entrance of the driveway, a metal gate *670 separated into two halves to permit entry. The right half of the gate, which was on a fixed hinge, had one wheel under its edge and rolled out towards the street on a track in the shape of an arc. The left half of the gate rolled directly back parallel to the fence on a straight track.
On the date of the accident, Woodard went outside of her house to check on her children who she saw with a group of other children in the Association's parking lot. After seeing that the children were playing, Woodard paused to speak with a neighbor outside the Association's gate. Although the gate was not locked, it was in a closed position. Woodard testified that she was standing "[i]n front of the gate, out in the roadway" when the left gate fell on her. It took several men to remove the gate and free Woodard and her neighbor. Because of the injuries she suffered, Woodard brought a negligence action against the Association.
During the charge conference at the trial, defense counsel requested the court to charge the jury on standard instruction 3.5(g), "Land owner or possessor's negligence (toward discovered trespasser or foreseeable licensee)," asserting that Woodard was, at best, a foreseeable licensee. Woodard's counsel opposed the instruction, arguing that she was not on the Association's property but instead was on the road, when the gate fell on her. Thus, she was injured as a result of a dangerous condition, which was located on the Association's property and which caused injury off the premises. The judge looked at photographs of the gate and surrounding property and concluded that Woodard must have been on the property when the gate fell on her, as he thought from the pictures that the falling gate would not have hit her if she were standing in the roadway. Woodard's counsel objected, recalling her testimony that she was in the roadway and noting that there were no measurements showing distances or the exact location of the gate on the date of the accident. Nevertheless, although acknowledging that there was a dispute as to Woodard's location, based on the judge's view of the evidence, he agreed to give the trespasser/licensee instruction to the jury. The jury returned with a verdict in favor of the Association.
The Woodards contest the trial court's classification of Woodard as a "trespasser," asserting instead that she was "within the foreseeable zone of risk owed [to] an invitee on adjacent property." In Florida, entrants onto the land of another are classified as: (1) trespassers, (2) uninvited licensees, and (3) invited licensees and invitees. See Zipkin v. Rubin Constr. Co., 418 So.2d 1040, 1043 (Fla. 4th DCA 1982). These classifications are significant because the status of the entrant is pertinent to both the duty of care owed by the landowner, see Barrio v. City of Miami Beach, 698 So.2d 1241, 1243 (Fla. 3d DCA 1997), rev. denied, 705 So.2d 569 (Fla.1998), and the charges given by the court to the jury. See Wood v. Camp, 284 So.2d 691, 696 (Fla.1973). An owner may also be liable for a dangerous condition that results in injury off of its premises. See Gunlock v. Gill Hotels Co., 622 So.2d 163, 164 (Fla. 4th DCA 1993); Johnson v. Howard Mark Prods., Inc., 608 So.2d 937, 938 (Fla. 2d DCA 1992). Where the material facts in a case are in dispute, the jury, and not the court, should determine the status of the claimant. See Wood, 284 So.2d at 696.
In the instant case, there was clearly a factual dispute as to whether Woodard was on the Association's property at the time of the accident. On the one hand, Woodard specifically denied that she was standing on the Association's property, claiming instead that she was "[i]n front of the gate, out in the roadway." The Association did not offer any evidence concerning the distance between the gate and the adjacent roadway or the gate's physical dimensions so as to refute Woodard's claim. On the other hand, the defense's photographs, which were admitted into evidence without objection, support the inference that Woodard was standing on the Association's blacktop driveway in front of the gate when the gate fell on her. The trial court specifically acknowledged this factual dispute with respect to whether Woodard was on the Association's property. By resolving this dispute in favor of the Association and concluding that Woodard was a trespasser or foreseeable licensee, the court *671 effectively directed a verdict against Woodard on her claim that the Association negligently maintained its premises resulting in an off premises injury. Because the material facts were concededly in dispute, the trial court should not have determined Woodard's status as a matter of law; rather, the court should have allowed the jury to determine the factual issue of her status "under appropriate instructions." Id.; see also Pedreira v. Silva, 468 So.2d 1073, 1074 (Fla. 3d DCA 1985)(status of plaintiff upon defendant's land and duty owed by defendant were questions of fact for jury).
On appeal, the Association impliedly asserts that the Woodards were bound by several allegations in their complaint, including that Woodard was lawfully on its premises at the time of the accident, because they failed to amend. However, Florida Rule of Civil Procedure 1.190(b), entitled "Amendments to Conform With the Evidence," provides the following:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.
(emphases added). The Woodards adduced evidence at trial that Woodard was not standing on the Association's premises at the time of the accident. As the Association failed to object to this evidence on the basis that it was outside the scope of the pleadings, the parties tried the issue by implied consent and the amendment of the Woodards' complaint was not necessary. See Robbins v. Grace, 103 So.2d 658, 660 (Fla. 2d DCA 1958)(amendment of pleadings not imperative in absence of objection that evidence not within scope of pleadings in case tried as if issue had been raised).
Based on the foregoing, the trial court erred in determining Woodard's status, as a matter of law, and, consequently, in charging the jury solely on the limited standard of care owed by a landowner to a trespasser, pursuant to Standard Jury Instruction 3.5(g). Because the jury "might reasonably have been misled" by the trespasser instruction, we reverse the final judgment entered in favor of the Association and remand for a new trial. See Snedegar v. Arnone, 532 So.2d 717, 719 (Fla. 4th DCA 1988).
Woodard also contends that the court erred in failing to grant a directed verdict on the affirmative defense of comparative negligence. At the close of the defense case, the Woodards moved for a directed verdict on the comparative negligence defense, arguing that:
[t]here's absolutely no evidence that Connie Woodard did anything whatsoever that could possibly be conceived by a jury to be comparatively negligent. She was standing to her back [sic]. There's no evidence that she even saw or got out of the way, and for that reason we would move for directed verdict.
The Woodards urge that the trial court's denial of this motion was erroneous where there was no evidence tending to prove Woodard's comparative negligence.
"In negligence actions, a motion for directed verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence." Pascale v. Federal Express Corp., 656 So.2d 1351, 1353 (Fla. 4th DCA), rev. denied, 666 So.2d 143 (Fla.1995). However, "[w]here reasonable persons can come to but one possible conclusion, issues of negligence become questions of law, and should not be submitted to the jury." Borenstein v. Raskin, 401 So.2d 884, 886 (Fla. 3d DCA 1981).
"It is well-settled that `where there is no evidence tending to prove comparative negligence, the issue should not be submitted to the jury.'" Florida Ass'n of Workers for the Blind, Inc. v. Guillaume, 618 So.2d 275, 276 *672 (Fla. 3d DCA 1993)(quoting Coulter v. American Bakeries Co., 530 So.2d 1009, 1010 (Fla. 1st DCA 1988)); see also Cuadros v. Carnival Cruise Lines, 604 So.2d 861, 862 (Fla. 3d DCA 1992). The evidence adduced at trial in the instant case indicated that Woodard was standing with her back towards the gate when it fell. Given her lack of knowledge as to any prior malfunctions with the gate, Woodard could not have reasonably anticipated that the gate would have fallen upon her. Because there was no evidence tending to prove that Woodard engaged in any negligent conduct, the trial court erred in submitting the comparative negligence issue to the jury. See Valdes v. Faby Enters., Inc., 483 So.2d 65, 65 (Fla. 3d DCA 1986)(court erred in refusing to direct verdict on comparative negligence issue for plaintiff who opened refrigerator door in store and boxes fell on him where there was "no evidence of any negligent conduct" on his part). We hold that the trial court should have directed a verdict on the issue of comparative negligence. Thus, this issue is withdrawn from consideration of any retrial of this action.
Reversed and remanded for a new trial.
GROSS and TAYLOR, JJ., concur.
GROSS, J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.