PALMER, J.
In this premises liability lawsuit, Jennifer Bongiorno appeals the trial court’s final judgment entered in her favor. Specifically, she challenges the trial court’s finding that she was fifty percent comparatively negligent for her slip and fall injuries because she was wearing high heels at the time of the fall. We reverse.
Bongiorno filed a negligence complaint against Americorp (the property owner) which averred that she injured herself when she entered a restroom on the third floor of the subject property (the office building where Bongiorno worked) and slipped on the unusually slippery floor. The complaint alleged that, as a direct and proximate result of Americorp’s negligence, Bongiorno was injured.
Americorp filed an answer denying liability and asserting affirmative defenses including comparative negligence. The matter proceeded to a bench trial. Upon review of the evidence presented, the trial court ruled that both parties were fifty percent negligent for Bongiorno’s injuries.
Bongiorno argues that the trial court reversibly erred in finding her comparatively negligent for the injuries resulting from her slip and fall. She argues there were no facts of record that support the trial court’s finding that she was negligent for wearing high heels to work. We agree.
Here, the trial court agreed with Ameri-corp that Bongiorno was negligent in wearing four-to-five inch high-heeled shoes *1029 to work. In that regard, counsel for Am-ericorp argued, during closing, as follows:
And the reason we had asked for the comparative — even though I would submit that there is no negligence that was a legal cause of her injury — but we’re not saying that you shouldn’t be able to wear high heels. But I submit to the Court — and I had a ruler the other day — when you’re talking about a five— a four-to-five-inch heel, there is almost an assumption of risk in that. People fall wearing those kind of heels. And the way she described her fall is consistent with a woman wearing extremely high heels. We’re not trying to say that my client put — felt like, okay, you shouldn’t be able to wear heels in our office. That’s not what we’re saying. But we’re saying sometimes people fall. Sometimes just because somebody falls, there is not necessarily any negligence on somebody else’s part, we would submit. And that is why we would submit that the plaintiff can’t even get past that to whether or not there was a substance.
Americorp argues that the trial court’s finding of comparative negligence was supported by competent substantial evidence because the evidence showed that Bongior-no’s “choice [to wear] four to five inch high heels contributed to the fall.” To support its position, Americorp cites to evidence that Bongiorno informed her treating physicians that she fell while wearing high heels and evidence that a co-worker was able to avoid falling on the slippery bathroom floor because she was wearing “safer footwear.”
Comparative negligence is an affirmative defense; thus, the party asserting the defense bears the burden of proving that the negligence of the other party was a cause of the accident. Philip Morris USA, Inc. v. Arnitz, 933 So.2d 693, 697 (Fla. 2d DCA 2006); Cuozzo v. Ronan & Kunzl, Inc., 453 So.2d 902, 903-04 (Fla. 4th DCA 1984).
The four elements necessary to prove a negligence claim include: (1) a duty to conform to a certain standard of conduct; (2) a breach of the duty; (3) proximate cause; and (4) damages. Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1227 (Fla. 2010). In this case, the issue was whether Americorp sustained its burden of proving that Bongiorno had a duty not to wear high-heeled shoes to work.
A duty of care arises from four potential sources: (1) legislative enactments; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; or (4) a duty arising from the general facts of the case. Dorsey v. Beider, 139 So.3d 860, 863-64 (Fla.2014). Here, Americorp alleged that Bongiorno’s duty not to wear high heels to work arose from the general facts of the case.
The determination of whether a duty arises from the general facts of the case depends upon an evaluation and application of the concept of foreseeability of harm to the circumstances alleged. “To determine whether a duty sufficient to support a negligence claim exists, one begins by determining whether the defendant by its conduct created a foreseeable zone of risk.” ZP No. 54 Ltd. P’ship v. Fidelity & Deposit Co. of Md., 917 So.2d 368, 374 (Fla. 5th DCA 2005). “[A] foreseeable consequence is one that a prudent person would anticipate as likely to result from an act.” Land Title of Cent. Fla., LLC v. Jimenez, 946 So.2d 90, 93 (Fla. 5th DCA 2006).
“To impose a duty, it is not enough that a risk merely exists or that a particular risk is foreseeable; rather, the defendant’s conduct must create or control the risk before liability may be imposed.” Demelus v. King Motor Co. of *1030 Fort Lauderdale, 24 So.3d 759, 761 (Fla. 4th DCA 2009) (citing Aguila v. Hilton, Inc., 878 So.2d 392, 395, 396-97 (Fla. 1st DCA 2004)). “As to duty, the proper inquiry for the reviewing appellate court is whether the defendant’s conduct created a foreseeable zone of risk, not whether the defendant could foresee the specific injury that actually occurred.” McCain, 593 So.2d at 504.
Jackson Hewitt, Inc. v. Kaman, 100 So.3d 19, 28 (Fla. 2d DCA 2011) (emphasis in original).
Americorp failed to sustain its burden of proving that Bongiorno created a foreseeable zone of risk by wearing high-heeled shoes to work and, therefore, the trial court erred in finding her comparatively negligent for her injuries. Accordingly, we reverse and remand for entry of a judgment in Bongiorno’s favor without the reduction for her alleged comparative negligence.
REVERSED and REMANDED.
SAWAYA and BERGER, JJ., concur.