# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2024-0445
LT Case No. 2021-CA-000629-A

———————————————————

ROBERT SCHRAMM,

    Appellant,

    v.

ADAMS HOMES of NORTHWEST
FLORIDA, INC., and SCHUMACHER
and SON PLUMBING, INC., and
SCHUMACHER and SON
PLUMBING, LLC,

    Appellees.

———————————————————

On appeal from the Circuit Court for Citrus County.
Carol A. Falvey, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Therese A. Savona, of Cole Scott & Kissane, P.A., Orlando, for
Appellee, Adams Homes of Northwest Florida, Inc.

No Appearance for Remaining Appellees.

June 20, 2025

KILBANE, J.

    Robert Schramm ("Schramm") appeals from a grant of
summary judgment entered for Adams Homes of Northwest
Florida, Inc. ("Adams") on Schramm's claims of premises liability

and negligence after he fell into a hole.  Because genuine disputes of material fact existed as to whose property Schramm was on when he fell as well as whether the unstable ground around the hole was open and obvious as a matter of law, we reverse.

## Facts

Schramm sued Adams[1] for premises liability and negligence after he fell into a hole near the property line between his home and Adams's adjacent property, where Adams was constructing a home.  Schramm alleged that Adams's negligent construction on its property caused the formation and subsequent expansion of the hole, which then caused his injuries.

Schramm alleged—and the record evidence supports—during construction, Adams installed a silt fence on its property and began the installation of underground plumbing.  This caused a hole to form on Adams's property which expanded over the following weeks after the silt fence fell causing improper diversion of water runoff.  A month prior to the fall, Schramm notified Adams that the fence had fallen and of the increased runoff, but Adams did not fix it.  As the hole expanded, it began to approach Schramm's property.  To ensure no one on his property fell into the hole, Schramm planned to mark the outside perimeter of the hole with orange flags.  Starting from his own garage, Schramm embarked toward the perimeter of the hole on his side of the property line.  Before he reached the visible portion of the hole, however, the grassy area around it—on which Schramm was walking—caved in, causing him to fall in too—giving rise to this suit.

Below, Adams moved for summary judgment arguing (1) if Schramm was on Adams's property, he was an undiscovered trespasser; (2) if Schramm was on his own property, Adams did not owe him a duty of care; and (3) regardless of the location of

---

[1]  Schramm also sued a plumbing subcontractor—Schumacher and Son Plumbing, Inc.—but did not appeal the separate order granting summary judgment in favor of Schumacher.

the fall, the hole was open and obvious. The trial court agreed and, while expressly acknowledging the record was unclear about which property Schramm was on when he fell, found such location immaterial because Schramm was an undiscovered trespasser if on Adams's property and, regardless, the hole was open and obvious. Accordingly, the trial court granted Adams's motion for summary judgment.

Schramm appeals arguing, *inter alia*, summary judgment was inappropriate because there existed genuine issues of material fact including where the fall occurred and whether the grassy area around the visible portion of the hole was open and obvious. We agree.

## Analysis

"We review both a trial court's entry of summary judgment and its determination on the duty element of negligence de novo." *Johnson v. Wal-Mart Stores E., LP*, 389 So. 3d 705, 709 (Fla. 5th DCA 2024). To support summary judgment, the movant must show (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "The court views the evidence in a light most favorable to the non-moving party, and a genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for that party." *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023) (citing *Baum v. Becker & Poliakoff, P.A.*, 351 So. 3d 185, 189 (Fla. 5th DCA 2022); *Ibarra v. Ross Dress for Less, Inc.*, 350 So. 3d 465, 467 (Fla. 3d DCA 2022)). Summary judgment is appropriate when "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (citation omitted).

To support a claim of negligence, a plaintiff must establish four elements: duty, breach, causation, and damages. *Ruth v. Guerrieri Mgmt., Inc.*, 397 So. 3d 781, 785 (Fla. 5th DCA 2024). Unlike the other elements, "the question of duty remains one of law for the court." *See Johnson*, 389 So. 3d at 712. To establish premises liability, in addition to the above elements, the plaintiff must show the defendant had possession or control of the

3

premises and notice of the dangerous condition. *See J.L. Prop. Owners Ass'n, Inc. v. Schnurr*, 336 So. 3d 291, 297 (Fla. 4th DCA 2022); *see also Smith v. Westdale Asset Mgmt., Ltd.*, 353 So. 3d 108, 110 (Fla. 1st DCA 2022) ("In premises liability cases, a plaintiff must demonstrate that the defendant had actual or constructive knowledge of a dangerous condition on its premises, the defendant owed a duty to protect the plaintiff from this dangerous condition, the defendant breached this duty, the defendant's breach was the cause of the plaintiff's fall, and that the plaintiff suffered an injury.").

Here, the record evidence demonstrates a genuine issue of material fact exists as to where Schramm fell—whether it was on Adams's property or his own. In their depositions, neither Schramm nor the representative from Adams could say for sure. Indeed, the trial court conceded as much and, at oral argument, Adams did the same. Contrary to the trial court's order finding that "what property [Schramm] was on when the injury occurred . . . does not rise to the level of genuine issue of material fact because . . . he was aware of the danger and voluntarily approached" it, this fact is material. *See Brevard County v. Waters Mark Dev. Enters., LC*, 350 So. 3d 395, 398 (Fla. 5th DCA 2022) ("[A] fact is 'material' if the fact could affect the outcome of the lawsuit under the governing law.").

Where Schramm was when he fell into the hole is material to determining what duties, if any, Adams owed to Schramm. *See Arp v. Waterway E. Ass'n, Inc.*, 217 So. 3d 117, 120 (Fla. 4th DCA 2017) ("The classification of the entrant is significant because the duty of care owed by the landowner varies according to a visitor's status." (quoting *Barrio v. City of Miami Beach*, 698 So. 2d 1241, 1243 (Fla. 3d DCA 1997))). Indeed, the trial court cast Schramm as an undiscovered trespasser in determining that Adams was insulated from liability. *See* § 768.075(2), Fla. Stat. (2024) (immunizing landowners from civil damages to undiscovered trespassers in some cases). If Schramm never entered Adams's property,[2] he could hardly be considered an undiscovered

---

[2] Even if Schramm's fall occurred on his own property, this does not necessarily foreclose the finding of a duty. The unabated expanding hole by the property line—born on Adams's property—

trespasser. *Id.* § 768.075(3)(a)3. ("'Undiscovered trespasser' means a person who *enters* property without invitation[.]" (emphasis added)). As the location of the incident here is genuinely disputed, and can frame, among other things, the duties owed and the applicability of section 768.075(3)(a)3.—it is a material fact, and the trial court erred in resolving this dispute against Schramm on summary judgment. *See Woodard v. Armenian Cultural Ass'n of Am., Inc.*, 724 So. 2d 669, 670 (Fla. 4th DCA 1999) (holding that trial court reversibly erred by

created a foreseeable zone of risk to those on the immediately adjacent property. This is especially so where Schramm notified Adams of the issue, and the hole was beginning to encroach Schramm's property. *See Johnson*, 389 So. 3d at 709 ("When considering whether the general facts of a case establish a duty, our focus is on 'whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others.'" (quoting *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992))); *McCain*, 593 So. 2d at 503 ("[T]he trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant."); *cf. Williams v. Davis*, 974 So. 2d 1052, 1060 (Fla. 2007) ("[N]umerous Florida cases properly applied a *McCain* analysis in holding landowners responsible under a standard of reasonable care for conditions emanating from their property that were determined to constitute a danger and hazard to others."); *Williams* 974 So. 2d at 1060 n.6 ("There is general agreement among legal commentators today that a landowner has some duty to use his land reasonably so as not to injure those off his premises." (citing Restatement (Second) of Torts, § 364, 371 (1965)); *Whitt v. Silverman*, 788 So. 2d 210, 221 n.5 (Fla. 2001) ("[C]ommentators and courts alike have traditionally imposed a duty on landowners for injuries to persons outside of the land caused by artificial conditions." (citing Restatement (Second) of Torts, §§ 364, 368)); *Hardin v. Jacksonville Terminal Co.*, 175 So. 226, 228 (1937) (recognizing duty that a landowner owes to those "outside his lands" when "the owner has done or permitted something to occur on his lands which he realizes or should realize involves an unreasonable risk of harm to others outside his land").

5

resolving question of material fact—whether plaintiff was on or off the landowner's property at time of injury—for landowner).

Likewise, the open and obvious danger of the area surrounding the hole was a genuinely disputed material fact that precluded summary judgment. *See De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013) ("The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious." (quoting *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 576–77 (Fla. 5th DCA 2005))). Viewing the evidence in Schramm's favor, a reasonable jury could find that while the hole itself may have been open and obvious, the grassy area *around* the hole—which gave way under Schramm—was a danger that was not "known or obvious" to Schramm. *See Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011) ("It is the dangerous condition of an object which must be open and obvious, not simply the object itself."). The trial court erred in resolving this dispute against Schramm on summary judgment.

## Conclusion

Because there remained genuine issues of material fact as to where Schramm fell and whether the danger of the area around the hole was open and obvious, the trial court erred in granting summary judgment for Adams.

REVERSED and REMANDED.

MAKAR and SOUD, JJ., concur.

6

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____